**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JUDY GARCIA-CLARA** | |
| PLAINTIFF | CIVIL NO. 15-1784 |
| VS. | |
| **AIG INSURANCE COMPANY PUERTO RICO;<br>AMERICAN INTERNATIONAL GROUP, INC.;<br>FRANCISCO DIAZ;<br>JUAN SEGUI;<br>ZENAIDA FIGUEROA;<br>GUSTAVO SARABIA;<br>MAYRA AYALA;<br>INSURANCE COMPANY XYZ;<br>COMPANY ABC;<br>JOHN & JANE DOE.** | DISCRIMINATION BASED ON AGE, WRONGFUL TERMINATION (SEVERANCE PAY), AND TORT DAMAGES<br><br>TRIAL BY JURY DEMANDED |
| DEFENDANTS | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

  **COMES NOW, Judy Garcia Clara,** (hereinafter referred as "Plaintiff"), through the undersigned attorneys and very respectfully states, alleges and prays as follows:

**PRELIMINARY STATEMENT**

  1. Plaintiff, who is 58 years old, worked for the Defendants as a Claims Adjuster since September 27, 1993. On October 31, 2014, following a pattern of discriminatory actions and under the pretext of a "global reorganization", the Defendants, without any just cause, unlawfully terminated the Plaintiff from her position. Following the same discriminatory pattern and with the same excuse, the Defendants also systematically

terminated all older employees at their Puerto Rico branch and offered them Severance Packages. Notwithstanding the aforementioned "global reorganization" pretext, the Defendants retained substantially younger and less experienced employees, who had less seniority and were substandard compared to the Plaintiff, at their Puerto Rico branch. Also, the Defendants has since, been actively announcing job openings for positions in AIGPR equal or similar to the one held by the Plaintiff.

2.     Such actions constitute a disparate treatment by the Defendants, based on age discrimination, and caused damages to the Plaintiff.

3.     Plaintiff files this civil action against AIG Insurance Company Puerto Rico, American International Group, Inc., Francisco Diaz, Juan Segui, Zenaida Figueroa, Gustavo Sarabia, and Mayra Ayala (hereinafter referred collectively as the "Defendants") based on the following: discrimination based on Age pursuant to the Age Discrimination in Employment Act, 29 USC sec. 621 *et seq.*, and Puerto Rico's Law No. 100 of June 30, 1959, 29 LPRA sec. 146 *et seq.*; Wrongful Termination (Unjust Dismissal) pursuant to Puerto Rico's Law No. 80 of May 30, 1976, 29 LPRA sec. 185a *et seq.*; and Tort Damages pursuant to Articles 1802 and 1803 of Puerto Rico's Civil Code, 31 LPRA secs. 5141, 5142.

4.     Plaintiff seeks compensatory, punitive, double and liquidated damages, severance pay, back pay, front pay, and equitable and injunctive relief for Defendant's unlawful and discriminatory employment termination of the Plaintiff on the basis of her age. In addition, Plaintiff seeks other specific remedies that restore her to the position that she would have held in the absence of discrimination.

**JURISDICTION AND VENUE**

5.      The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to the Age Discrimination in Employment Act.

6.      Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico, P.R. Law 100 of June, 30, 1959, 29 LPRA sec. 146 et seq.; P.R. Law 80 of May 30, 1976, 29 LPRA sec. 185 *et seq*, and Tort Damages pursuant to Articles 1802 and 1803 of Puerto Rico's Civil Code, 31 LPRA secs. 5141, 5142.

7.      Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the defendant resides within this judicial district.

8.      Before filing this instant case, Plaintiff filed timely charges of discrimination on the basis of age before the Unidad Antidiscrimen, which is the State Fair Employment Practice Agency (hereinafter referred to as "FEPA") of the Commonwealth of Puerto Rico within one hundred and eighty (180) days after the adverse employment action. Notice of Right to Sue from the FEPA was received by the Plaintiff. Plaintiff thus filed this timely Complaint within ninety (90) days of receipt of the FEPA's Notification of Right to Sue.

9.      Plaintiff demands that all causes of action be tried before a jury.

**PARTIES**

10.     Plaintiff, Judy Garcia Clara, is of legal age, citizen of the United States, domiciled and resident of Carolina, Puerto Rico. Plaintiff is over forty (40) years of age. At the time of Plaintiff's termination of her employment with Defendants, she was 58 years of age.  Plaintiff's physical address is Via 19 RR-1 Villa Fontana, Carolina, PR 00983.

11.     Defendant, AIG Insurance Co.- Puerto Rico, Inc. (hereinafter referred as AIGPR) is a For Profit Corporation organized and duly authorized to do business under the laws of the Commonwealth of Puerto Rico. The company is formed for the purpose of engaging in the insurance business. The company has a designated office in the Commonwealth of Puerto Rico located in 250 Muñoz Rivera Avenue, Hato Rey, Puerto Rico 00918-1813. AIGPR also has offices located Corporate Office Park in Guaynabo, Puerto Rico.

12.     Defendant, American International Group, Inc. (hereinafter referred as AIGNY) is a For Profit Corporation organized under the laws of Delaware and is duly authorized to do business in New York. The company is formed for the purpose of engaging in the insurance business.  AIGNY is the owner and parent company of AIGPR. The company has a principal office in the state of New York located in 180 Maiden Lane, 4th Floor, New York, NY 10038. And 70 Pine Street, New York, NY 10005.

13.     Co-Defendant Francisco Diaz (hereinafter referred as "CEO"), is the CEO at AIGPR. His current personal address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered. However his current business address is 250 Muñoz Rivera Avenue, Hato Rey, Puerto Rico 00918-1813.

14. Co-Defendant Gustavo Sarabia, (hereinafter referred to as "President"), is the President of the Claims Department at AIGPR. His current personal address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered. However his current business address is 250 Muñoz Rivera Avenue, Hato Rey, Puerto Rico 00918-1813.

15. Co-Defendant Mayra Ayala, (hereinafter referred to as "HR Director"), is the Director of the Human Resources Department at AIGPR. Her current personal address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered. However her current business address is 250 Muñoz Rivera Avenue, Hato Rey, Puerto Rico 00918-1813.

16. Co-Defendant Juan Segui, (hereinafter referred to as "Supervisor"), is a Supervisor in the Claims Department at AIGPR. His current personal address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered. However his current business address is 250 Muñoz Rivera Avenue, Hato Rey, Puerto Rico 00918-1813.

17. Co-Defendant Zenaida Figueroa, (hereinafter referred to as "Manager"), is the Manager of the Claims Department at AIGPR. Her current personal address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered. However her current business address is 250 Muñoz Rivera Avenue, Hato Rey, Puerto Rico 00918-1813.

18. Co-Defendant, Insurance Company XYZ (hereinafter referred to as "Insurance Company XYZ"), held an insurance policy in favor of the Defendants. At the time of the discriminatory incidents described herein, Insurance Company XYZ held an insurance

policy in favor of the Defendants, specifically to cover said discriminatory claims. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

19.     Co-Defendant, Company ABC (hereinafter referred to as "Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendants, that directed and had knowledge of Defendants' discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

20.     Co-Defendant, John & Jane Doe (hereinafter referred to as "Doe"), is another agent, supervisor, official or director who is affiliated with the Defendants, who directed and had knowledge of Defendants' discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

## THE FACTS

21.     Plaintiff worked for AIGPR since September 27, 1993 until she was unlawfully dismissed on October 31, 2014.

22.     AIGPR is a for-profit company dedicated for the purpose of engaging in the insurance business.

23.     AIGPR provides commercial and personal insurance services with regards to property, casualty, marine, financial lines, vehicles, aviation and health insurance.

24.     Plaintiff started working with AIGPR on September 27, 1993 when she was approximately 36 years.

25.     During her employment, AIGPR mostly assigned the Plaintiff to work as a claim adjustor.

26.     At the time of Plaintiff's discriminatory dismissal, she had been working for AIGPR for approximately more than 21 years.

27.     Over the course of Plaintiff's 21 years of employment, she never received a reprimand for her work. In fact, more than once, Plaintiff was recognized for her performance. In 1994, Plaintiff was officially awarded Claim Adjustor of the Year, for efficiently undertaking the investigations of claims, a trait she exhibited and repeated throughout the years.  In 1999, the Plaintiff was also awarded for her excellent work with regards to the claims that arouse after Hurricane Georges struck Puerto Rico, receiving a performance bonus.

28.     Plaintiff always fulfilled and excelled at her duties. Accordingly, Plaintiff was trusted to work the accounts of AIGPR biggest and more valuable clients, including, JC Penney, Aireko, Plaza Las Americas, General Electric, among others. All claims arising from those clients were exclusively assigned to the Plaintiff.

29.     Notwithstanding the volume, level of complexity and the very specific procedures required handling the claims of each of those clients, the Plaintiff, nor the Defendants, ever received any complaints with regards to her performance.

30.     In fact, as recent as the year 2013, JC Penney's account executives from the state of Texas, visited AIGPR. During such visit, they performed an audit to the files pertaining to the claims arising under JC Penney's account. After thoroughly examining all the files, the auditors had no negative findings. They informed the Plaintiff that they were

highly satisfied with her performance in the management of the claims and the files examined.

31.     The President arrived to AIGPR approximately around 2008.

32.     Since his arrival, it was noticeable that he preferred, and in fact hired and promoted, employees that were substantially younger and closer to his own age, early to mid 30's, rather than older candidates. The President subsequently hired Juan Segui, Enid Sanchez, Yaritza Maldonado, Natalia Santiago, Angeli Lucero, Laura Rodriguez, Maria T. Martin, Viani, Dignelis Jimenez, Sara Lopez, Moraima, Lorelle Cervoni, Juan Carlos Diaz, Mariselis Mendez, Maribel Montañez, Odalis Rodriguez, Yesenia Rodriguez, whom all worked in the same area as the Plaintiff.

33.     Juan Segui, (hereinafter referred as "Supervisor") who is 36 years old now, was named immediate supervisor of the Plaintiff.

34.     The rest of the people that were newly hired by the President were in their early to mid 30s. Due to the common age and interests the co-workers and supervisors shared in other venues outside from work and from which the Plaintiff felt, and was in fact, excluded.

35.     A pattern of discriminatory actions was also exhibited by the co-workers and supervisors at AIGPR, whom constantly teased and humiliated the Plaintiff due to her age. Name calling was used as part of the teasing, constantly referring to the Plaintiff as a "momia" ("Mummy") y "zorra vieja" ("Old Bitch") by the younger employees hired by the President. These acts of teasing and humiliating name calling were based on Plaintiff's age.

36.     The co-workers and supervisors thought that the teasing and humiliating name calling was funny. The Plaintiff personally complained, in more than one occasion, to

the co-workers and the supervisors with regards to the constant teasing, but no corrective measure was taken. The constant teasing and bullying based on Plaintiff's age continued without any indication of stopping.

37.    The Plaintiff felt uncomfortable and repudiated by her younger co-workers, to the point that she opted to refrain herself from leaving her desk or even go to the coffee break area to get coffee, in order to keep clear of her co-workers and not be subjected to their offensive and cruel "jokes" based on her age.

38.    In May 2014, the Plaintiff was very affected by an incident that took place when she returned to work after taking two days off on sickness leave. Her co-workers told her that the Supervisor had informed them that the reason she was not in the office those days was because she had filed for retirement.

39.    After the Plaintiff returned to work during May 2014, after taking two days of sick leave, she returned to her work area and was again subjected to constant teasing and humiliation. Everybody, including the Supervisor, was teasing her and asking her if she came to pick up her belongings since she filed for retirement.

40.    After Plaintiff heard these comments, she was initially without words, but later reacted and told the people in her work area that "although she recognizes she's older than them, she still is not of retirement age."

41.    Plaintiff became really nervous and anxious about her response, especially because it was directed to her Supervisor as well.

42.    After the incident, the Plaintiff was subjected to the Supervisor and co-workers indifferent attitude. She feared she might be subjected to some type of reprimand which caused her great anxiety.

43.    Approximately around September 2014, AIGPR announced that they were going to cease engaging in the Accident and Health Insurance (A&H) line of business.

44.    Even when A&H Insurance was not the line of business the Plaintiff was assigned to, she was concerned with the situation. Accordingly, she approached Zenaida Figueroa (hereinafter referred as the "Manager"), who is the Manager of the Claims Department in AIGPR, on September 2014, to inquire about the situation. The Manager responded by telling the Plaintiff that she should not be worried. She further explained to the Plaintiff that in contrast with other younger employees, who have a future ahead of them, are still raising their children and have more obligations, at her age, her children were already adults and she did not have to worry about those responsibilities. Therefore, losing her job should not be a reason for concern. The Manager added that at the Plaintiff's age, (58 at the time) and after working for approximately 21 years for AIGPR, the Plaintiff could file for retirement and do just fine. The Manager even offered to help the Plaintiff calculate the amount she would be paid if she filed for retirement.

45.    The Plaintiff was greatly affected by this and became very sad, anxious and stressed. She felt discriminated after listening how the Manager completely disregarded her worries and the importance of the continuance at her job at AIGPR, solely based on her age.

46.    It was approximately around this time that rumors around AIGPR were circulating that there was supposedly going to be a "reorganization" of some sorts.

47.    AIGPR alleged that there was a global reorganization occurring and that they were going to make certain adjustments to the company.

48.     Around October 10, 2014, the Plaintiff was called to a meeting with the President and the HR Director. At said meeting, Plaintiff was informed that she was terminated from AIGPR, because of the aforementioned "reorganization". Plaintiff's termination was going to be effective on October 31, 2014, that is, within 21 days of being notified.

49.     The President and HR Director informed the Plaintiff that AIGPR was not obligated to give the Plaintiff anything, but they wanted to compensate the Plaintiff for her dedication and years at the job. They offered a Severance Package and a Health Plan on the condition that she should sign a document where she must affirm that she was voluntarily retiring from AIGPR.

50.     Plaintiff did not accept the conditions of the President and the HR Director because she was not going to accept that she was voluntarily retiring from AIGPR, when in fact she wanted to continue to work for AIGPR.

51.     Plaintiff was never informed of the facts behind the "reorganization", but it was merely explained to the Plaintiff superficially, without any details whatsoever. Because of this, Plaintiff did not want to accept that she was voluntarily retiring from AIGPR.

52.     The alleged "reorganization" was an opportunity used by the Defendants as an excuse and a sham to act unlawfully, discriminate against the Plaintiff and other older employees, systematically terminating them and accommodating substantially younger and substandard employees without any regards to their performance, qualifications or experience with the company. Because of this discriminatory act, Plaintiff did not want to accept that she was voluntarily retiring from AIGPR.

53.     Plaintiff's line of business, accounts, clients, nor her position, were in fact eliminated and were subsequently assigned to substantially younger and substandard employees who were of less seniority and have less experience than the Plaintiff.

54.     Plaintiff approached the HR Director after not accepting the terms of AIGPR, and requested that she be given a termination letter. Plaintiff's intent to receive a termination letter was with the purpose of filing for unemployment at the Puerto Rico Unemployment Agency. However, the HR Director told the Plaintiff that AIGPR will not give a termination letter because it was not a termination but instead it was a retirement.

55.     AIGPR allegedly "reorganized" and eliminated the following people from their Puerto Rico Branch: Carlos Torres, Francisco Ramos, Noelia Torres, Irma Rodriguez, Cristina Torres, Nazge Rodriguez, Sonia Renaud and Mariam Rodriguez. These employees were informed of the "reorganization" and were offered the same deal as the Plaintiff, accept the severance package and health plan, affirm that you are voluntarily retiring from AIGPR and waive any rights that they might have against AIGPR. All these employees are between the ages of late 50s to early 70s.

56.     On the other hand, AIGPR kept all the newly recruited employees who were substantially younger and substandard employees without regards to qualifications.

57.     Plaintiff was unlawfully being forced to sign a voluntary resignation letter, which would have constituted a constructive dismissal. However, Plaintiff did not agree with the President's and the HR Director's suggestion, because the Plaintiff truthfully did not want to resign from her job. Because of this, her termination on October 31 was an unlawfully termination based on age.

58.     During the past 21 years that the Plaintiff worked for AIGPR, she never received a complaint with regards to her labor.

59.     The CEO, President, HR Director, Manager and Supervisor are agents who are duly authorized by AIGPR, who committed a discriminatory act in the course and scope of their agency relationship, thus imposing liability to the AIGPR.

60.     AIGPR had knowledge of the CEO's, President's, HR Director's, Manager's and Supervisor's arbitrary and discriminatory decisions. AIGPR did not take any proper action to rectify and/or avoid the discriminatory actions incurred by the CEO, President, HR Director, Manager and Supervisor. AIGPR allowed the CEO, President, HR Director, Manager and Supervisor to discriminate against the Plaintiff, by firing the Plaintiff because of her age and replacing her with substantially younger substandard employees.

61.     AIGNY was the owner of AIGPR. AIGNY had knowledge of the CEO's, President's, HR Director's, Manager's and Supervisor's arbitrary and discriminatory decisions. AIGNY did not take any proper action to rectify and/or avoid the discriminatory actions incurred by the CEO, President, HR Director, Manager and Supervisor. AIGNY allowed the CEO, President, HR Director, Manager and Supervisor to discriminate against the Plaintiff, by firing the Plaintiff because of her age and replacing her with substantially younger substandard employees.

62.     Company ABC was the parent company or an affiliated company of AIGPR and AIGNY. Company ABC had knowledge of the CEO's, President's, HR Director's, Manager's and Supervisor's arbitrary and discriminatory decisions. Company ABC did not take any proper action to rectify and/or avoid the discriminatory actions incurred by the CEO, President, HR Director, Manager and Supervisor. Company ABC allowed the CEO,

President, HR Director, Manager and Supervisor to discriminate against the Plaintiff, by firing the Plaintiff because of her age and replacing her with substantially younger substandard employees.

63.     John & Jane Doe had knowledge of the CEO's, President's, HR Director's, Manager's and Supervisor's arbitrary and discriminatory decisions. John & Jane Doe did not take any proper action to rectify and/or avoid the discriminatory actions incurred by the CEO, President, HR Director, Manager and Supervisor. John & Jane Doe allowed the CEO, President, HR Director, Manager and Supervisor to discriminate against the Plaintiff, by firing the Plaintiff because of her age and replacing her with substantially younger substandard employees.

64.     At the time of these discriminatory incidents, Insurance Company XYZ held an insurance policy in favor of the AIGPR and AIGNY, specifically to cover said discriminatory claims. Said insurance policy was in force at the time of the discriminatory incidents.

65.     Ever since Plaintiff was dismissed, Plaintiff has suffered economic losses and deprivation of her salary, Plaintiff has lost sleep and rest, Plaintiff felt humiliated and discriminated and has been at a loss of her peace of mind and emotional stability.

66.     Plaintiff has been seeking psychiatric professional medical help because of the unlawful discriminatory action that was incurred against the Plaintiff.

67.     As up to this date, Plaintiff has not been able to obtain a job in spite of her endeavor to seek employment.

68.     The Defendant committed a discriminatory action against the Plaintiff, unlawfully terminating the Plaintiff without any just cause and replacing her with

substantially younger and substandard employees without any regards to their performance, qualifications or experience with the company.

69.     The Defendant is liable to the Plaintiff's damages.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION BASED ON AGE**

70.     Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

71.     Defendants' discriminatory conduct altered Plaintiff's employment condition because of Plaintiff's age.

72.     At the moment that the Defendants' incurred in the discriminatory conduct, the Plaintiff was performing her job well enough to meet the Defendants' legitimate expectations.

73.     Defendants' conduct against the Plaintiff constitutes discrimination on the basis of age in violation of ADEA, 29 USC sec. 621 et seq., Puerto Rico's Law No. 100 of June 30, 1959, 29 LPRA sec. 146 *et seq.* and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico.

74.     As a proximate result of Defendants' discriminatory practice, Plaintiff has suffered intensely, has been deprived of her means of livelihood, has suffered economic losses and has been emotionally injured.

75.     As a result of Defendants' discriminatory practices, Plaintiff lost the salary she was entitled to.

76.     Defendants' are liable to Plaintiff for the back pay she was entitled had she maintained her position pursuant to ADEA, 29 USCA sec. 626 (b).

77.     Plaintiffs' last annual salary was approximately $53,000.00.

78.     Defendants' are liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

79.     Pursuant to ADEA, Defendants' discriminatory practices against the Plaintiff were willful, malicious and/or carried with reckless indifference towards Plaintiffs' rights protected under federal law. Plaintiff is thus entitled to double and liquidated damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

80.     In the alternative, an adequate remedy under PR Law No. 100, Defendants' are liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiffs' rights.

81.     Plaintiff's dismissal was the culmination of Defendants' discriminatory practice against the Plaintiff because of her age.

82.     Defendants' are liable to Plaintiff under this cause of action, pursuant to ADEA, PR Law 100 and the Constitution of the Commonwealth of Puerto Rico, in excess of five million dollars ($5,000,000.00).

83.     In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against her.

84.   In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result thereof, Defendants' are liable for double compensatory and statutory damages. These damages are estimated at no less than five million dollars ($5,000,000.00), which times two equal ten million dollars ($10,000,000.00).

**SECOND CAUSE OF ACTION**

**WRONGFUL TERMINATION / UNJUST DISMISSAL**

85.   Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

86.   Defendants' actions constitute a termination of employment without just cause.

87.   Defendants' are liable to Plaintiff pursuant to P.R. Law No. 80, 29 LPRA sec. 185a *et seq*, for an amount equal to six (6) months of salary plus benefits, as defined in the law, and sixty three (63) additional weeks of compensation, based on their highest earning in any thirty day period within the three years prior to the employee's dismissal. This amount to a severance pay of approximately ninety six thousand sixty two dollars and thirty nine cents. ($96,062.39).

**THIRD CAUSE OF ACTION**

**TORTS DAMAGES**

88.   Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

89.   Defendants' actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

90.     Defendants are liable to Plaintiff pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

91.     CEO's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

92.     CEO is liable to Plaintiff pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

93.     President's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

94.     President is liable to Plaintiff pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

95.     HR Director's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

96.     HR Director is liable to Plaintiff pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

97.     Manager's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

98.     Manager is liable to Plaintiff pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

99.     Supervisor's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

100.     Supervisor is liable to Plaintiff pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

101.    John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

102.    John & Jane Doe's are liable to Plaintiff pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

103.    Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

104.    Company ABC is liable to Plaintiff pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

105.    The CEO's, President's, HR Director's, Manager's and Supervisor's actions as officers and/or employees of the Defendants AIGPR and AIGNY constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

106.    Therefore, Defendants AIGPR and AIGNY are vicariously liable for damages caused by their officers and/or employees in their service pursuant to Article 1803 of the Civil Code of Puerto Rico, 31 LPRA sec. 5142.

107.    AIGPR and AIGNY's actions as affiliated company of Company ABC constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

108.    Therefore, Company ABC is vicariously liable for damages caused by the Defendants' in their service pursuant to Article 1803 of the Civil Code of Puerto Rico, 31 LPRA sec. 5142.

109.    All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

110.   As a result thereof, Defendants' are liable for compensatory and statutory damages pursuant to Article 1802 and 1803 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141, 5142. These damages are estimated at no less than five hundred thousand dollars ($500,000.00).

### FOURTH CAUSE OF ACTION

### INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

111.   Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

112.   Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

### FIFTH CAUSE OF ACTION

### ATTORNEYS FEES AND PREJUDGMENT INTEREST

113.   Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

114.   Defendants' are liable to Plaintiff for attorney's fees and costs under ADEA, 29 USC sec. 216 (b), and Title VII, 42 U.S.C. sec. 2000e-5(k) and 42 USC sec. 1988.

115.   Defendants' are also liable to Plaintiff for attorney's fees under PR Law 100 and Law 80.

116.   Defendants' are liable for prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

### DEMAND FOR JURY TRIAL

117.    Plaintiff demand a trial by jury as to all claims and issues alleged herein.

**PRAYER**

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against Defendants. The Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following: Discrimination based on Age pursuant to the Age Discrimination in Employment Act, 29 USC sec. 621 *et seq*., and Puerto Rico's Law No. 100 of June 30, 1959, 29 LPRA sec. 146 *et seq*.; Wrongful Termination (Unjust Dismissal) pursuant to Puerto Rico's Law No. 80 of May 30, 1976, 29 LPRA sec. 185a *et seq*.;  and Tort Damages pursuant to Articles 1802 and 1803 of Puerto Rico's Civil Code, 31 LPRA secs. 5141, 5142.

2. An order directing Defendants' to reinstate Plaintiff to her former position and to cease and desist of any further discriminatory conduct on the basis of Age.

3. Awarding plaintiff back pay, together with interest, for the period that Plaintiff was deprived of her salary, as it was awarded to other employees in her previous position.

4. Awarding plaintiff punitive and liquidated damages equal to twice the back pay and fringe benefits lost by the Plaintiff.

5. Awarding plaintiff lost benefits, both past and future.

6. Awarding plaintiff the amounts before mentioned in the Complaint, including the double compensatory damages.

7. Awarding plaintiff severance pay pursuant to PR Law No. 80.

8.  Awarding plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

9.  Awarding plaintiff any and all other relief to which plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 12th day of June, 2015.

_**S/VICTOR M. RIVERA-RIOS**_
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
RIVERA COLÓN, RIVERA TORRES & RIOS BERLY, PSC
1502 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Telephone: (787) 727-5710
Facsimile: (787) 268-1835
E-Mail: victorriverarios@rcrtrblaw.com